IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CV-27-D

DONOVAN MOENELL WILLIAMS, )
)
Plaintiff, )
)
v. ) **ORDER**
)
CITY OF RALEIGH, )
)
Defendant. )

On January 22, 2020, Donovan Moenell Williams ("plaintiff" or "Williams"), a pretrial detainee proceeding pro se and in forma pauperis, filed a complaint under 42 U.S.C. § 1983 [D.E. 1, 2, 9]. On August 3, 2020, the court denied Williams's motions for appointment of counsel and entry of default, reviewed Williams's complaint pursuant to 28 U.S.C. § 1915, and dismissed the action [D.E. 14]. Williams moves for reconsideration and to amend his complaint [D.E. 16–21].

This court cannot grant a post-judgment motion for leave to amend a complaint "unless the court first vacates its judgment pursuant to Fed. R. Civ. P. 59(e) or 60(b)." Katyle v. Penn Nat'l Gaming, Inc., 637 F.3d 462, 470 (4th Cir. 2011); see Laber v. Harvey, 438 F.3d 404, 427 (4th Cir. 2006) (en banc). When deciding whether to vacate its judgment, "[t]he court need only ask whether the amendment should be granted, just as it would on a prejudgment motion to amend pursuant to Fed. R. Civ. P. 15(a)." Katyle, 637 F.3d at 471; see Calvary Christian Ctr. v. City of Fredericksburg, 710 F.3d 536, 540–41 (4th Cir. 2013). Accordingly, the court must determine whether the motion to amend is futile, prejudicial, or in bad faith. See Harvey, 438 F.3d at 427; see also Foman v. Davis, 371 U.S. 178, 182 (1962).

Williams is not acting in bad faith, and defendants will not suffer prejudice from reopening

a case dismissed in the earliest stages of litigation. Thus, the court reviews Williams's motion for futility.

Williams seeks to amend his complaint to add a claim relating to his inability to pay the bond set in his case or obtain a reduction in bond. See [D.E. 16]; [D.E. 17] 3. The Eighth Amendment, however, provides no absolute right to release on bond. See, e.g., United States v. Salerno, 481 U.S. 739, 746–55 (1987). Thus, the court denies the motion to amend as futile.

Next, Williams seeks to amend his complaint to add a Sixth Amendment speedy trial claim, where Williams alleges that he "invoked his 6th amendment right to a speedy trial on January 6th, 2020 & has yet to have one." [D.E. 16] 1. Williams "has not specifically alleged how [any defendant] acted to delay the proceedings." Norton v. Tabron, No. 7:16-CV-56-BO, 2016 WL 5867045, at *6 (E.D.N.C. Oct. 6, 2016) (unpublished), aff'd, 727 F. App'x 762 (4th Cir. 2018) (per curiam) (unpublished); see Posey v. Swissvale Borough, No. 2:12-CV-955, 2013 WL 989953, at *12 (W.D. Pa. Mar. 13, 2013) (unpublished). Thus, the court denies the motion to amend as futile.

Williams's original complaint described a "pattern, campaign, practice, & custom of abuse, discrimination, harassment, constitutional violations, & criminal behavior under color of law[]" based on actions by Raleigh police officers. Compl. [D.E. 1] 5. Williams alleges that "[s]ince the filing of the [original] complaint, plaintiff has had his 5th, 14th, & 8th amendment rights violated by the defendant, as well as his 1st amendment freedom of association rights," based on various conditions of confinement at the Wake County Detention Center. [D.E. 19] 1; see also [D.E. 21]. These claims implicate Fed. R. Civ. P. 20(a)(2), in that they raise different factual allegations against wholly different potential defendants.[1] See, e.g., George v. Smith, 507 F.3d 605, 607 (7th Cir.

---

[1] "Under North Carolina law, sheriffs have substantial independence from county government." Parker v. Bladen Cnty., 583 F. Supp. 2d 736, 739 (E.D.N.C. 2008). County or municipal governments do not hire sheriffs. See, e.g., id.; Little v. Smith, 114 F. Supp. 2d 437, 446

2

2007); Coughlin v. Rogers, 130 F.3d 1348, 1350–51 (9th Cir. 1997); cf. Saunders v. Clarke, No. 3:15CV117, 2015 WL 1916929, at *5 (E.D. Va. Apr. 27, 2015) (unpublished). Thus, the court denies the motion to amend as futile. See Saunders, 2015 WL 1916929, at *5. However, the court directs the clerk to send Williams a form prisoner civil rights complaint and application to proceed in forma pauperis together with a copy of this order. Williams may pursue his claims concerning conditions of confinement at the Wake County Detention Center in a new action.

"A denial of leave to amend due to the futility of the proposed amendments results in the failure to allege any grounds upon which this Court could alter or amend its judgment." Saunders, 2015 WL 1916929, at *6 (internal quotations and alteration omitted) (citing Hart v. Hanover Cnty. Sch. Bd., No. 3:10–CV–794, 2013 WL 1867388, at *6 (E.D. Va. May 2, 2013) (unpublished), aff'd, 547 F. App'x 298 (4th Cir. 2013) (per curiam) (unpublished)). Thus, the court denies Williams's motions for reconsideration.

In sum, the court DENIES plaintiff's motions [D.E. 16–21]. The clerk shall send Williams a form prisoner civil rights complaint and application to proceed in forma pauperis together with a copy of this order, and shall not accept any further filings in this case other than a notice of appeal.

SO ORDERED. This 18 day of November 2020.

JAMES C. DEVER III
United States District Judge

---

(W.D.N.C. 2000). North Carolina law also vests the sheriff with the "statutory responsibility for the care and custody of the inmates at the county jail." Vaught v. Ingram, No. 5:10–CT–3009–FL, 2011 WL 761482, at *4 (E.D.N.C. Feb. 24, 2011) (unpublished); see N.C. Gen. Stat. § 162-22; Landry v. North Carolina, No. 3:10-CV-585-RJC-DCK, 2011 WL 3682788, at *2 (W.D.N.C. Aug. 23, 2011) (unpublished).

3